ULSTER COUNTY.—HON. ALTON B. PARKER, SURROGATE.—
July, 1879.

## HOAR v. HOAR.

*In the matter of the estate of* FRIEND HOAR, JR., *deceased.*

To constitute a valid gift *inter vivos*, the act of the donor must have no reference to the future, must divest himself of all control over the subject-matter, and include a delivery to the donee.

Accordingly, where testator, in his life-time, had a deposit in a savings bank, which was claimed, after his death, by his widow, as a gift *inter vivos*, and the only evidence in support of her claim was a declaration by testator to third persons, that he had given her the money in the bank,—that he had given her the bank-book,—that it was hers; the bank-book not having been delivered,—*Held*, no gift, for want of delivery.

*It seems*, that a delivery of the bank-book would have perfected the gift of the deposit.

APPLICATION by decedent's widow, to amend an inventory; opposed by Friend Hoar, his father. The facts appear sufficiently in the opinion.

CHARLES A. FOWLER, *for petitioner.*

J. NEWTON FIERO, *for respondent.*

THE SURROGATE.—Mary E. K. Hoar, the widow and administratrix of Friend Hoar, Jr., deceased, petitions the Surrogate for an order directing that the bank-book of deceased, representing money deposited in the Ulster County Savings Institution, be stricken from the inventory of said estate, and declaring the same not to be assets of said deceased, on the ground that such bank-book was given to the petitioner by deceased, some time

prior to his death. The evidence given on the part of the petitioner is not disputed.

To constitute a valid gift *inter vivos*, it must be immediate, and have no reference to the future. The donor must divest himself of all control over the subject-matter of the gift, and invest the donee with all right, title and interest in, and dominion over the property given. There must be an actual delivery of the property, so far as the same is capable of delivery, that the donor may not be in a position to revoke the gift.

The question for the court to decide is whether or not the evidence shows that these well-settled rules have been complied with in this case. The only evidence, in support of the petitioner's claim, is the testimony of John W. Kerr and William Kerr, each of whom testifies, in substance, that deceased said to him, that he had given his wife the money in the Ulster County Savings Institution, and that he had given her the bank book— that it was hers. Had the proof been that the deceased said to his wife: "I give you the money in the Ulster County Savings Institution," and "I give you the bank-book which represents the money deposited there"—"it is yours," it would not have been sufficient to establish a gift *inter vivos*, because an essential element to create such a gift would be wanting, to wit, *delivery ;* such a delivery and change of possession as would divest the donor of all control over the subject-matter of the gift. Such language would indicate an intent to make a gift, and the person using it might consider it sufficient for that purpose, but the law prescribes that, in addition to the language, there shall be an act, an act of delivery,

which shall change possession and right of control from the donor to the donee.

It is not enough to show that a person meant to make a gift, or that he thought he had. For if that which he actually did is lacking in any of the essential elements which the law prescribes as necessary to make a valid gift *inter vivos*, the gift cannot be upheld.

In this case, there is no evidence of a delivery or change of possession of the bank-book in question, outside of the declarations above mentioned. It is clear that a delivery of the bank-book by deceased to his wife was necessary to perfect the gift. It is equally clear that such a fact must be proven before the gift can be sustained. An examination of the declarations of the deceased, as proven, disclose no declaration of delivery. The word, give, does not mean, deliver. The words "I have given it to her" no more prove that the property has been delivered than the words "I give it to you" prove the act of delivery. In short, the declaration is no stronger proof of a gift, than if the evidence were that deceased said to his wife: "I give you my bank-book, it is yours." A donor might conclude that, such words having been spoken, the gift was complete, and would therefore say "I have given it to her—it is hers." To sustain a gift on such a declaration would be to base the decision upon the legal conclusion of the donor, and not upon the facts attending the gift.

Having reached the conclusion that the proof does not show a valid gift from deceased to the petitioner, it is unnecessary to consider the other point raised.

The prayer of the petitioner is denied.